UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALBERT HERNANDEZ
ADC #065214                                                                                PLAINTIFF

v.                              CASE NO. 5:10cv00354 BSM/JTR

ARKANSAS DEPARTMENT
OF CORRECTION, et al.                                                                    DEFENDANTS

### ORDER OF DISMISSAL

Plaintiff Albert Hernandez ("Hernandez") is a mentally ill prisoner incarcerated at the Diagnostic Unit of the Arkansas Department of Correction. He has been diagnosed with antisocial and schizoid personality disorders. *See* Doc. No. 2, attachment. He is suicidal and believes that his dead mother is telling him to harm himself. In *Hernandez v. Molden*, Case No. 5:09cv00328 JLH/JTK, Hernandez has a pending claim that he is not receiving constitutionally adequate mental health care. The instant case is a *pro se* § 1983 complaint. He has also filed an addendum, three amended complaints, and an application to proceed *in forma pauperis*. *See* Doc. Nos. 1-6. Because he is proceeding *pro se*, Hernandez is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

For the following reasons, the application to proceed *in forma pauperis* will be denied and

the case dismissed, without prejudice, pursuant to the three strikes provision in 28 U.S.C. § 1915(g).

## I. DISCUSSION

A.    <u>Three Strikes Rule</u>

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

Plaintiff concedes that he is a three striker, as defined by § 1915(g). *See* Doc. No. 2. Court records demonstrate that Hernandez has previously filed at least three § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See Casiano v. Slayden*, 5:93cv00747 WRW (dismissed on January 25, 1994); *Hernandez v. Boyd*, 5:95cv00572 SWW (dismissed on December 7, 1995); *Hernandez v. Ark. Dept. of Corr.*, 2:05cv00162 JMM (dismissed on March 30, 2006). Additionally, he has had several lawsuits dismissed pursuant to the three strike rule. *See Hernandez v. Ark. Dept. of Corr.*, 2:06cv00221 GH; *Hernandez v. Minor*, 5:10cv00100 JLH; *Hernandez v. Corr. Med. Servs.*, 5:10cv00241 BSM; *Hernandez v. Corr. Med. Servs.*, 5:10cv00340 JLH.

B.      Imminent Danger Exception to the Three Strikes Rule

Even though Hernandez is a three striker, he may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (emphasis in the original).  Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury.  *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

Hernandez alleges that, in September, October, and November of 2010, defendants: (1) failed to provide him with adequate medical care when he cut his arms with a razor and fingernail clippers; and (2) wrongfully found him guilty of disciplinary charges for having prohibited items in his cell and refusing to obey an order to stop picking at the self-inflicted wounds on his arm.  *See* Doc. Nos. 2-6.  It has previously been held that these allegations do

*not* satisfy the imminent danger exception to the three strikes rule. *See Hernandez v. Minor*; 5:10CV00100 JLH (E.D. Ark. April 28, 2010) (unpublished opinion); *Hernandez v. CMS,* 5:10CV00340 JLH (E.D. Ark. Nov. 29, 2010) (unpublished opinion).

Hernandez also contends that defendants are currently failing to provide him with adequate medical care for the self-inflicted wounds on his arms. *See* Doc. Nos. 2-6. He explains that he periodically reopens the wounds with his fingernails or a fingernail clipper, but concedes that medical personnel have consistently cleaned his wounds and applied steri-strips. *Id.* It is Hernandez's subjective and unsupported belief, however, that his wounds must be surgically closed with stitches or staples. *Id.* Importantly, he *admits* that medical providers have denied his request for staples or stitches because they believe that he will remove them and reopen his wounds.

Nothing in Hernandez's complaint suggests that he is currently in imminent danger of serious physical injury. Additionally, his disagreement with the medical provider's decisions to forgo stapling or stitching his wounds closed does not rise to the level of a constitutional violation. *See Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).

Finally, Hernandez alleges that defendants improperly denied him parole because they cannot locate a mental health facility that will accept him upon his release from prison. *See* Doc. Nos. 2-6. Clearly, the denial of parole does not place Hernandez in imminent danger of serious physical injury. Thus, he has not satisfied the imminent danger exception to the three strikes rule.

## II. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.Hernandez's application to proceed *in forma pauperis* [Doc. No.1] is DENIED.

2.This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.If Hernandez wishes to continue this case, he must, **within thirty (30) days of the entry of this order of dismissal**: (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

4.It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order of dismissal and the accompanying judgment would not be taken in good faith.

Dated this 7th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE